Charles W. Ray, Jr.
LAW OFFICE OF CHARLES W. RAY, JR., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Lawyer for Respondents/Claimants
Paula Denise Calugan, as Personal
Representative for the Estate of Daniel Raymond
Roehl, and Kasie Gundersen, as parent and
next friend of Nicole Gundersen, a minor

IN THE UNITED STATES COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In the Matter of the Complaint of | ) | Case No. 3:05-cv-00067-JWS |
| LITTLE WHITE DOVE, LLC, | ) | |
| an Alaska Limited Liability Company, | ) | |
| Owner of the F/V LITTLE WHITE | ) | **MEMORANDUM IN SUPPORT OF** |
| DOVE, Official No. 607001, for | ) | **MOTION TO LIFT INJUNCTION** |
| exoneration from or limitation of | ) | |
| liability, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |

**INTRODUCTION**

Whenever a vessel owner timely files a limitation action in federal court

pursuant to 46 U.S.C. §§ 181, *et seq.*, and Rule F of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule F"), and

posts security equal to the post-casualty value of the involved vessel(s) and pending freight,

the Court issues an injunction precluding prosecution of any other suits involving the vessel

Memorandum in Support of Motion to Lift Injunction
In Re Complaint of Little White Dove   A05-0067 CV (JWS)
Page 1 of 4   342.1 Roehl/Lift Stay.memo

or her owner that relate to the incident described in the limitation action.  So here, where the Court signed an Order of Injunction Approving Stipulation Re Security and Directing Issuance of Notice on 7 April 2005.  *See* Docket No. 4.  However, so long as the vessel owner is adequately and properly protected with respect to its right to seek limitation, which is a purely admiralty remedy subject to exclusive federal court jurisdiction, claimants are free to pursue suits in jurisdictions other than that in which the limitation action is pending.  Generically speaking, this process is referred to as the "Single Claimant Rule," the term arising from the accepted practice of the federal courts in permitting actions outside the limitation proceeding whenever there is but one claimant such that a consensus of claims is unnecessary.  However, in order to proceed outside of the limitation action such claimant is required to acknowledge retention by the federal court of exclusive jurisdiction over all substantive and procedural aspects surrounding the owners' limitation claim.  The rule is universally accepted and the terms necessary to protect the owner's right to seek limitation are well known.  *See, generally, Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438 (2001).

In situations where there are multiple claimants, the federal courts have also lifted the injunction whenever either: (1) all claimants in the limitation proceeding join in an appropriate stipulation protecting the owner's limitation rights; or, (2) those entering into a stipulation, though less than all potential claimants, specify that they will not seek to collect any sum exceeding the limitation fund if the vessel owner is ultimately found to be entitled to limitation.  *See, e.g., In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750 (2d Cir. 1988); *Gorman v. Cerasia*, 2 F.3d 519 (3d Cir. 1994).  Thus, in essence, a multiple claimant case where claimants enter into an appropriate stipulation by which the shipowners' right to have the federal court address all substantive

Memorandum in Support of Motion to Lift Injunction
In Re Complaint of Little White Dove   A05-0067 CV (JWS)
Page 2 of 4   342.1 Roehl/Lift Stay.memo

and procedural issues surrounding limitation, is transformed into a "single claimant" case. It is an abuse of discretion for the Court not to lift the injunction to permit an action to proceed outside the limitation proceeding if the owner receives the appropriate protection. In the case at bar, the Court should exercise its discretion to lift the injunction on either or both of the grounds discussed below.

First, this is really a single claimant case. Denise Paula Calugan is the Personal Representative for Daniel Roehl's estate. Nicole Gundersen is Mr. Roehl's only child and sole surviving heir. Although Nicole, through here mother Kasie Gundersen, is also listed as a claimant, under Alaska law the personal representative is clothed with exclusive authority to pursue claims to which the estate or its heirs are entitled. In addition, even if Mr. Roehl's child could herself assert claims separate and apart from those of the estate, whatever funds are recovered by the personal representative and/or Nicole will flow to Nicole as the decedent's sole legal beneficiary.

Second, whether viewed as a single claimant case or a multiple claimant case, appropriate arrangements have been made between the claimants *inter se* such that the Court should lift the injunction and permit claimants to pursue a state court action pursuant to the Saving to Suitors Clause, 28 U.S.C. §1333(1). *See* attached Stipulation. Little White Dove, LLC, is fully and completely protected with respect to its right to seek limitation in this Court by the attached stipulation, in the event it is found liable for damages exceeding the limitation fund in a state court suit.

## CONCLUSION

Claimants/Petitioners respectfully request an order of the court lifting the injunction and specifically permitting them to proceed in Alaska State Court, Third Judicial

Memorandum in Support of Motion to Lift Injunction
In Re Complaint of Little White Dove   A05-0067 CV (JWS)
Page 3 of 4   342.1 Roehl/Lift Stay.memo

District at Anchorage, with respect to available wrongful death and survival remedies,

subject to the provisions of the attached stipulation and the Limitation of Liability Act.


DATED 7 March 2006.

s/Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone:  (907) 274-4839
Fax: (907) 277-9414
E-mail:  dlcraylaw@acsalaska.net
         craylaw@aol.com
ABA# 8406048



CERTIFICATE OF SERVICE

I hereby certify that on 7 March 2006, a copy
of the foregoing Memorandum in Support of
Motion to Lift Injunction was served
electronically on:

Cheryl L. Graves
Farley & Graves
cgraves@farleygraves.com

and was served via the U.S. Postal Service on
the following:

Patrick J. McKay,
211 H Street
Anchorage, AK 99501


By: s/Charles W. Ray, Jr.


Memorandum in Support of Motion to Lift Injunction
In Re Complaint of Little White Dove   A05-0067 CV (JWS)
Page 4 of  4   342.1 Roehl/Lift Stay.memo