Charles W. Ray, Jr.
LAW OFFICE OF CHARLES W. RAY, JR., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Lawyer for Respondents/Claimants,
Paula Denise Calugan, as Personal
Representative for the Estate of Daniel Raymond
Roehl, and Kasie Gundersen, as parent and
next friend of Nicole Gundersen, a minor

IN THE UNITED STATES COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In the Matter of the Complaint of ) | Case No. 3:05-cv-00067-JWS |
| LITTLE WHITE DOVE, LLC, ) | |
| an Alaska Limited Liability Company, ) | |
| Owner of the F/V LITTLE WHITE ) | **STIPULATION OF THE** |
| DOVE, Official No. 607001, for ) | **RESPONDENTS/CLAIMANTS IN** |
| exoneration from or limitation of ) | **SUPPORT OF MOTION TO STAY** |
| liability, ) | **LIMITATION OF LIABILITY** |
| ) | **ACTION AND TO LIFT** |
| Plaintiff, ) | **INJUNCTION RESTRAINING** |
| ) | **ACTIONS AGAINST PETITIONER** |

      1.      Claimants have previously initiated an action in Alaska state court styled *Paula Denise Calugan, as Personal Representative for the Estate of Daniel Raymond Roehl, and Kasie Gundersen, as parent and next friend of Nicole Gundersen, a minor, plaintiffs v. Joseph Carr and Tara Carr*, Case No. 3AN-05-5935 CI. That action has been stayed pursuant to the injunctive provisions of the Limitation of Liability Act, 46 U.S.C. §§181 *et seq.*, pursuant to this Court's Order of 7 April 2005. Docket No. 4. Therefore,

Stipulation to Stay Limitation of Liability Action
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 1 of 4    342.1 Roehl/Stay mtn stip

provided this Court lifts its injunction of 7 April 2005 and stays this action to permit the claimants to proceed against the petitioner in a state court action for personal injury and wrongful death, the respondents/claimants, Paula Denise Calugan, as Personal Representative for the Estate of Daniel Raymond Roehl, and Kasie Gundersen, as parent and next friend of Nicole Gundersen, a minor, stipulate and agree as follows:

    2.    Petitioner Little White Dove, LLC, has the right to litigate the issue of whether it is entitled to limit its liability under the provisions of the Limitation of Liability Act in this Court, and this Court has exclusive jurisdiction to determine that issue.

    3.    That the petitioner has the right to have this Court determine the sufficiency of the bond posted for the value of the F/V LITTLE WHITE DOVE and/or the value of that vessel immediately following the incident at issue, and this Court has exclusive jurisdiction to determine such sufficiency and/or value.

    4.    That the respondents/claimants will not seek the determination of the issues set forth in paragraphs (2) and (3) above in any other court, and consent to waive any *res judicata* effect as well as any issue preclusion argument regarding any and all decisions, rulings or judgments of any court which relate to those issues.

    5.    That the respondents/claimants will not seek to enforce any judgment rendered in any other court, whether against the petitioner or any other person or entity that would be entitled to seek indemnity or contribution from the petitioner, or any other person entitled to claim the benefits of the limitation of liability by way of cross-claim or otherwise, that would expose the petitioner to liability in excess of the fund determined by the Court pursuant to paragraph 3, above, until such time as this Court has both adjudicated the

Stipulation to Stay Limitation of Liability Action
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 2 of 4    342.1 Roehl/Stay mtn stip

petitioner's right to limit that liability and determined that petitioner is not entitled to limit its liability.

      6.    That, in the event this Court determines that the petitioner is entitled to limit its liability, the respondents/claimants agree that any claim based upon fees and/or costs awarded against petitioner and in favor of any party in any court proceeding will have first priority against the available fund.

      7.    That in the event this court determines that the petitioner is entitled to limit its liability, respondents/claimants agree that, following payment of the claim(s), if any, described in (6), above, the residuum of the fund not consumed by such claim(s), if any, shall be divided equally between respondents/claimants.

DATED 7 March 2006.

s/Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone: (907) 274-4839
Fax: (907) 277-9414
E-mail: dlcraylaw@acsalaska.net
        craylaw@aol.com
ABA# 8406048

Stipulation to Stay Limitation of Liability Action
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 3 of 4   342.1 Roehl/Stay mtn stip

CERTIFICATE OF SERVICE

I hereby certify that on 7 March 2006, a copy of the foregoing Stipulation of Respondents/Claimants in Support of Motion to Stay Limitation of Liability Action and to Lift Injunction was served electronically on:

Cheryl L. Graves
Farley & Graves
cgraves@farleygraves.com

and was served via the U.S. Postal Service on the following:

Patrick J. McKay,
211 H Street
Anchorage, AK 99501


By: s/Charles W. Ray, Jr.

Stipulation to Stay Limitation of Liability Action
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 4 of 4   342.1 Roehl/Stay mtn stip