CHERYL L. GRAVES, ESQ.
FARLEY & GRAVES, P. C.
3003 Minnesota Drive, Suite 300
Anchorage, Alaska  99503
(907) 274-5100  Fax (907) 274-5111

Attorneys for Plaintiff, LITTLE WHITE DOVE, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF LITTLE WHITE DOVE, LLC, an Alaska Limited Liability Company, Owner of the F/V LITTLE WHITE DOVE, Official No. 607001, for exoneration from or limitation of liability,<br><br>                              Plaintiff. | IN ADMIRALITY<br><br><br><br><br><br>Case No. 3:05-CV-0067-JWS |

## OPPOSITION TO MOTION TO LIFT INJUNCTION

Contrary to Claimants' assertions, they have not satisfied any fundamental prerequisite to dissolve the injunction properly issued in the pending action.  If they are a "single claimant," no stay may be lifted without Claimants' stipulation to the stated value of the limitation fund under the Court's current order.  Further, no elimination of the stay is warranted because they are actual "multiple claimants" which requires that the fund exceed the value of all asserted claims in order to lift the stay.  Moreover, elimination of the injunction would result in a serious waste of judicial resources without reasonable or legitimate basis.  Claimants' proposed

stipulations for relief from the current order of injunction are inadequate, and Plaintiff respectfully requests that Claimants' demand to lift the injunction be denied.

## I.   ARGUMENT

As a general rule, the District Court has exclusive jurisdiction over admiralty actions, including a request for Limitation of Liability under 46 USC § 181 et. seq., and has broad discretion regarding whether to dissolve an injunction under the Limitation of Liability Act. Complaint of Ross Island Sand & Gravel, 26 F.3d 1015, (9th Cir. 2000); Universal Towing Co. v. Barrale, 595 F.2d 414, 420 (8th Cir. 1978); Newton v. Shipman, 718 F.2d 959, 962 (9th Cir. 1983). Only two exceptions allowing the lifting of a stay of proceedings during a limitation action are recognized by federal courts. First, a stay can be lifted if there are multiple claimants and "the limitation fund exceeds the aggregate of all claims" presented. Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S. Ct. 1269, 1 L. Ed. 2d 1246 (1957). Second, if there is only one claimant and "nothing appears to suggest the possibility of another claim," a District Court may dissolve its injunction to permit the single claimant to pursue a separate action and jury trial. Langnes v. Green, 282 U.S. 531, 540, 51 S. Ct. 243, 246, 75 L. Ed. 520 (1931); Newton at 962.

Additionally, under the exceptions, claimants demanding elimination of an injunction staying alternate proceedings must enter into appropriate stipulations protecting a ship owner's right to have exoneration and limitation matters heard solely by the District Court before a stay will be lifted. Lake Tankers Corp., at 147. If the limitation fund does not exceed the aggregate value of claims for multiple claimants or appropriate stipulations are not provided, relief from an injunction under limitation cannot be provided. Id.

FARLEY & GRAVES, P. C.
3003 MINNESOTA DRIVE, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 274-5100   FAX (907) 274-5111

**A.     Claimants Fail To Provide An Appropriate Stipulation Regarding The Value Of The Limitation Fund As A "Single Claimant" To Allow The Court To Lift Any Injunction On Their State Court Action.**

Claimants contend they should be treated as a single claimant for the sole purpose of eliminating the multi-claimant requirements that the fund exceed the value of the asserted claims in order to dissolve the stay. Assuming Claimants satisfy the "single claimant rule," they must "stipulate to the value of the limitation fund before the stay can be lifted." Complaint of Ross Island Sand & Gravel, 26 F.3d 1015, 1018 (9th Cir. 2000); Newton v. Shipman, 718 F.2d 959, 962 (9th Cir. 1983). Further a stipulation for dissolving the injunction "must state (1) that the value of the limitation fund equals the combined value of the vessel and its cargo; (2) waive the right to claim *res judicata* based on any judgment rendered against the vessel owner outside of the limitation proceedings; and (3) concede the district court's exclusive jurisdiction to determine limitation of liability issues. Id.

In Newton, the Ninth Circuit directly addressed the conditions for dissolving an injunction against parallel court proceedings in a limitation of liability action where there is a single claimant. Newton involved a single claimant in a limitation of liability action who filed a motion to dissolve the injunction on other court proceedings so that she could pursue a Jones Act claim before a jury. Id. at 962. After the district court denied the motion to dissolve, the claimant appealed. Id. The court noted that before a single claimant is entitled to pursue a separate claim against the ship owner, he must: (1) stipulate that the value of the limitation fund equals the combined value of the vessel and its cargo; (2) waive the right to claim *res judicata* based on any judgment rendered against the vessel owner outside of the limitation proceedings; and (3) concede the district court's exclusive jurisdiction to determine limitation of liability

FARLEY & GRAVES, P. C.
3003 MINNESOTA DRIVE, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 274-5100   FAX (907) 274-5111

issues. Id. The Ninth Circuit then concluded that the claimant had substantially satisfied the requisite stipulations because she: (1) acknowledged the district court's right to try the limitation features of the petition; (2) waived any claim of *res judicata* relevant to the issue of limited liability based on any judgment obtained in the jury trial; and (3) did not object to the sufficiency of the fund or the method of computing it. Id.

The Ninth Circuit reiterated requirements to stipulate to the fund value in Complaint of Ross, supra. There the claimant requested to dissolve a stay of proceedings in a limitation action after the petitioner presented bond for the value of the fund in the amount of $20,000. Id. at 1017. In requesting that the injunction be lifted, the claimant "refused to stipulate to the adequacy of the limitation fund," "presumably because he was dissatisfied with the amount of the limitation fund." Id. The claimants contended they were only required to agree issues before the limitation court were *res judicata,* concede the court's exclusive admiralty jurisdiction of all limitation issues, and no agreement of the value of the fund was required for dissolution of the stay. Id. at 1018. Pursuant to valid Ninth Circuit precedent, the district court refused to grant dissolution of the injunction absent the single claimant's actual agreement to the specific value of the limitation fund. Id. The Ninth Circuit upheld the district court's interpretation finding "Newton is on point in directing that the claimant **must** stipulate to the value of the limitation fund before the stay can be lifted." Id.

Here, the proposed stipulation contains absolutely no agreement regarding the value of the limitation fund currently claimed with the Court. The petitioner previously noted the value of the limitation fund was nil, but posted a $1,000 bond to represent the value of the vessel and freight, and costs. See Petition for Exoneration From and Limitation of Liability, p. 4, ¶ 1; and

FARLEY & GRAVES, P. C.
3003 MINNESOTA DRIVE, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 274-5100   FAX (907) 274-5111

see Order on Injunction and Approving Stipulation on Security, p. 2, ¶ 2.  Claimants have also certainly not previously conceded the adequacy of the fund and instead have expressly noted their intent to challenge such value.  See Answer to Petition for Limitation and Proposed Stipulation for Stay of Injunction, p. 4, ¶ 16.  Given Claimants' published disagreement regarding the value of the fund, and the failure to propose any stipulation conceding the fund value, dissolution of the stay based on the stipulation proposed is improper and should be denied.

**B.     There Are Multiple Claimants Who Have Failed To Establish The Limitation Fund Exceeds The Aggregate Of All Claims In Order To Permit Lifting Of The Stay.**

Although Claimants suggest they are a single claimant, they are in fact two separate claimants who must establish the limitation fund exceeds the aggregate value of all their claims in order to lift the Court's injunction.  Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S. Ct. 1269, 1 L. Ed. 2d 1246 (1957).  Courts have generally concluded claims of an injured party and his dependants arising out of a single personal injury are separate and competing claims for a limitation fund and for evaluation of the "single claimant rule" for lifting of a stay.  Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750, (C.A.2 N.Y. 1988) (finding a claim for loss of consortium is a separate independent claim from the tort claim of the injured party under the single claimant rule); and see Kattelman v. Otis Engineering Corp., 701 F. Supp. 560 (E.D. La. 1988) (claims of decedent and dependants for wrongful death and loss of consortium were separate competing claims under a limitation fund).

Here, separate survivorship and wrongful death claims are asserted by the Estate of Daniel Raymond Roehl and Nicole Gunderson. The estate asserts a survivorship claim based on unseaworthiness under general maritime law. See Answer to Plaintiff's Complaint, pp. 5-6. In the alternative, he also seeks Alaska state survival remedies in his state court action. See Complaint, Exhibit A; and see AS 9.55.570 (2005). The survivor action under general maritime law permits recovery for the decedent himself for the damages he directly suffered. Sutton v. Earles, 26 F.3d 903 (9th Cir. 1994). As such, under Alaska state probate law, any recovery for that claim is the property of the decedent and becomes part of the estate and is subject to potential recovery by multiple parties, such as creditors for the decedent's own obligations. See AS 13.16.465; AS 13.16.480 (2005).

The second Claimant, Nicole Gunderson through her mother Kasie Gunderson, asserts a wrongful death claim under general maritime law. See Answer to Plaintiff's Complaint, pp. 5-6. In her Alaska state court action she also asserts claims for wrongful death, which under Alaska law are distinct from survivorship remedies. See Exhibit A; and see AS 9.55.580 (2005). The general maritime wrongful death remedy permits recovery for damages sustained directly by dependent relatives of the deceased. Moragne v. States Marine Line, Inc., 398 U.S. 375, 90 S. Ct. 1772, 26 L. Ed. 2d 339 (1970). The claim and damages are held by the dependant relative. They are not part of the estate's own recovery on its behalf and do not become part of the estate's own assets.

Further, the two separate claims do not transform into one merely because the personal representative, as a procedural mechanism, asserts the claims for both Claimants. The fact that some funds from Roehl's own personal injury claims may remain in his estate after probate and

could be disbursed to his heir, also does not suddenly create a single claim under the law. There are multiple claims in the limitation action, and as such no elimination of the stay is possible as proposed by Claimants until the Court determines the limitation fund exceeds the total value of the claims asserted.

### C. Lifting Of The Injunction And Pursuit Of Parallel Court Proceedings Is A Waste Of Judicial Economy.

There is no reasonable need to pursue the claims in both state and federal court where Plaintiff has requested exoneration and limitation of liability, which are proper issues for this Court. In the interest of economy, the parties through prior counsel made appropriate agreements to pursue discovery of both the limitation/exoneration issues and damage issues in the federal action in order to preserve resources and prevent substantial expense to all parties. There is no prejudice to awaiting pursuit of damage issues in an alternate court, particularly where the parties have already exchanged information on such issues during the pending stay, in order to evaluate potential value and resolution of the case. This Court should not condone attempts to needlessly increase expense and waste judicial resources before determining whether limitation will be granted to eliminate any need to pursue alternate actions.

### II. CONCLUSION

Claimants are attempting to have the best of both worlds; refusing to acknowledge their multiple claimant status to avoid requirements that the fund value exceed the value of both of their claims, while at the same time refusing to stipulate to the fund value in a proper "single claimant" stipulation for dissolution of the injunction. No elimination of the injunction is

OPPOSITION TO MOTION TO LIFT INJUNCTION
CASE NO. 3:05-CV-0067-JWS

Page 7 of 8                                       /dc

30184 hc310908

allowed at this time based on Claimants' own failure to concede the value of the fund or to present claims which are below its value. Claimants' motion must therefore be denied.

DATED this 31st day of March 2006 at Anchorage, Alaska.

FARLEY & GRAVES, P. C.

By: s/Cheryl L. Graves
CHERYL L. GRAVES
3003 Minnesota Drive, Suite 300
Anchorage, AK  99503
Phone:   (907) 274-5100
Fax:       (907) 274-5111
E-mail:   cgraves@farleygraves.com
              dcharter@farleygraves.com
Alaska Bar No.:  9711062
Attorneys for Plaintiff, Little White Dove, LLC

**CERTIFICATE OF SERVICE**

Pursuant to Civil Rule 5, I hereby certify that on this 31st day of March 2006, I caused a true and correct copy of Plaintiff's Opposition to Motion to Lift Injunction to be served electronically on the following person(s):

Charles W. Ray, Jr., Esq.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501

By: s/Cheryl L. Graves