Charles W. Ray, Jr.
LAW OFFICE OF CHARLES W. RAY, JR., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Lawyer for Respondents/Claimants,
Paula Denise Calugan, as Personal
Representative for the Estate of Daniel Raymond
Roehl, and Kasie Gundersen, as parent and
next friend of Nicole Gundersen, a minor

IN THE UNITED STATES COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In the Matter of the Complaint of ) | Case No. 3:05-cv-00067-JWS |
| LITTLE WHITE DOVE, LLC, ) | |
| an Alaska Limited Liability Company, ) | |
| Owner of the F/V LITTLE WHITE ) | |
| DOVE,  Official No. 607001, for ) | REPLY TO OPPOSITION TO |
| exoneration from or limitation of ) | MOTION TO LIFT INJUNCTION |
| liability, ) | |
| ) | |
|          Plaintiff, ) | |
| ) | |

INTRODUCTION

Claimants/Respondents Paula Denise Calugan, as Personal Representative of

the Estate of Daniel Raymond Roehl, and Kasie Gundersen, as parent and next friend of

Nicole Gundersen, a minor, seek an order of this Court lifting the injunction which presently

precludes the assertion of claims in state court, pursuant to the Savings to Suitors Clause,

28 U.S.C. §1333(1), which arise from the death of Daniel Roehl.  Petitioner Little White

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 1 of  13   342.1 Roehl/Stay Reply Stay

Dove, LLC, has opposed the request on three grounds: (1) the proffered stipulation does not specifically acknowledge that the $1,000 bond posted by Little White Dove represents the actual value of the vessel post-casualty together with pending freight; (2) the claims asserted due to Mr. Roehl's death exceed the limitation fund and the injunction may not be lifted because petitioner characterizes the present claims as "multiple claims"; and (3) lifting the injunction would be a waste of judicial resources.

Each of petitioner's arguments must fail.  As discussed below, claimants are not opposed to providing whatever assurances the Court deems necessary that it will retain jurisdiction over all aspects of issues bearing on petitioner's right to limit its liability under the Limitation of Liability Act, 46 U.S.C. §§183, *et seq*.  Moreover, petitioner is mistaken that the present dispute involves "multiple claimants."  To the extent the appearance by Nicole Gunderson through her mother Kasie Gunderson causes concern, that issue is easily addressed.  Finally, and as discussed below, the suggestion that granting the requested relief will result in a waste of this Court's resources is wholly misplaced.

<u>ARGUMENT</u>

1.  <u>The proffered stipulation is adequate to protect petitioner's right to seek limitation of its liability</u>.

The stipulation proffered by claimants in this case is materially identical to that offered by the petitioner to the district court in *Beiswenger Enterprises, Corp. v. Carletta*, 86 F.3d 1032 (11th Cir. 1996), as modified by the Eleventh Circuit due to concerns set out in that opinion.  The only complaint about the language of the stipulation raised by petitioner is that it is not affirmatively stated that the $1,000 posted by it and approved by this Court in fact represents the full value of the LITTLE WHITE DOVE following the casualty at issue, together with her pending freight.  Petitioner relies exclusively on *Newton v. Shipman*,

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 2 of  13   342.1 Roehl/Stay Reply Stay

718 F.2d 959 (9th Cir. 1983), to support its argument that within the Ninth Circuit it is absolutely necessary that in all circumstances any claimant(s) seeking to lift the injunction imposed pursuant to the Limitation Act must concede the accuracy of the shipowner's valuation of the vessel.  Petitioner is correct that , at first blush, *Newton, supra*, appears to mandate such concession by any claimant(s) seeking the relief here sought.  However, as discussed in *Complaint of Ross Island Sand & Gravel,* 236 F.3d 1015, 1018 (9th Cir. 2000), the *Newton* court did not overrule, and failed even to address, *Anderson v. Nadon,* 360 F.2d 53 (9th Cir. 1966).  There the petitioner contended that a claimant had to concede the correctness of the valuation in order to have the injunction lifted.  The Ninth Circuit's response refutes petitioner's argument here:

> Appellants have conceded the exclusive jurisdiction of the district court to determine this issue, but have not agreed to appellee's valuation figure.  . . .  It is also true that it has apparently become common practice to concede valuation when requesting dissolution of such an injunction.  However, these authorities do not support the proposition that such a concession is a necessary prerequisite to the maintenance of a state court action.  We do not deem a concession of this nature essential to the protection of appellee's right to a federal limitation proceeding.  The fact that appellants have reserved the right to contest the adequacy of the stipulation for value in the limitation proceeding does not bar them from initiating a state court action.

*Anderson, supra* at 58 n.8 (citations omitted).

Although the *Ross Island* court did ultimately impose a "Newtonesque" requirement upon the claimant's stipulation, it did so reluctantly.  Moreover, given the language in *Anderson*, *Newton*, and *Ross Island*, such concession should not rise to the level of a uniform mandate where adequate protections to the shipowner to protect its rights under the Limitation Act  are otherwise given.  In the case at bar, petitioner initially averred that

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 3 of  13   342.1 Roehl/Stay Reply Stay

the LITTLE WHITE DOVE had no value or pending freight and the limitation fund was alleged to be zero. *See* Complaint for Exoneration From or Limitation of Liability at 2, ¶6. Despite that allegation, but for reasons not apparent in the record, counsel for petitioner presented a Proposed Order of Injunction and Stipulation for Security and Directing Issuance of Notice which included the statement, "Ordered that the Court hereby approves the stipulation for value and costs, with surety deposited with the Court in the amount of $1,000 plus interest at the rate of six and one-quarter percent (6.25%) per year from April 1, 2005." *Id.* at 2. Thus, when claimants filed their Answer, Affirmative Defenses and Claim, in response to the initial allegation that the vessel's value was nil claimants stated:

> Plaintiff has not provided any information concerning the F/V LITTLE WHITE DOVE or its condition after the February 5, 2004 fire and has refused requests for inspection of the F/V LITTLE WHITE DOVE and therefore, answering parties do not have sufficient information to form a belief regarding the truth of the rest of the allegations contained [in paragraph 6 of petitioner's complaint] and thus deny the same.

Answer, etc., at 3 ¶6. In accordance with that response to petitioner's allegation, claimants asserted as an affirmative defense, "Plaintiff has understated the value of the F/V LITTLE WHITE DOVE." That, of course, is true, since it claims a zero value but posted a $1,000 bond. Moreover, pursuant to Rule F(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, claimants may take issue with petitioner's valuation, especially where petitioner has not informed the Court or claimants as to the manner in which it arrived at the conflicting statements that the vessel has no value and yet posted a bond for $1,000. The important point, however, is that the proffered stipulation will protect petitioner's right to have this Court, and this Court only, determine the sufficiency of the limitation fund. Whether it ever becomes necessary to address that

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 4 of 13   342.1 Roehl/Stay Reply Stay

topic cannot, of course, be known at this point.  A necessary predicate to such inquiry is the finding of petitioner's liability and assessment of damages exceeding $1,000 in the state court proceeding permitted pursuant to the Savings to Suitors Clause.  In the meantime, petitioner's rights are protected by conceding this Court's jurisdiction to examine the question of the fund's adequacy when and/or if it becomes necessary.

The special concurrence by Judge Nelson in *Ross Island, supra*, is particularly *apropos* to the present situation, for imposition of such a requirement in this particular case would truly do that which petitioner asserts lifting the injunction will do, *i.e.*, waste this Court's resources.  Since it may never become necessary to determine whether the present fund is adequate, there is no point in presently forcing claimants to either concede the accuracy of petitioner's valuation or litigate that narrow issue, especially because it is unlikely that the fund, even if it exceeds $1,000, is substantial.

Finally, but only if this Court mandates it, claimants would amend the proffered stipulation to include the statement that the limitation fund accurately represents the post-casualty value of the LITTLE WHITE DOVE together with her pending freight.  However, such stipulation obviously offends fair litigation since claimants already have conceded this Court's exclusive jurisdiction to determine the appropriate limitation fund, and pursuant to Rule F(7) have reserved their rights to contest the fund in this Court in their answer.  It is only petitioner's right to litigate issues peculiar to a limitation of liability proceeding that need be protected.  Shipowners who seek limitation should not be allowed to impose unnecessary burdens upon the court and the parties. [1]

---

[1]    The petitioner who files a limitation proceeding in which it is averred that the post-casualty value of the vessel and pending freight is, for example, $100, although no
(continued...)

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 5 of  13    342.1 Roehl/Stay Reply Stay

2.     This is a single claimant case, or one subject to the single claimant rule.

Petitioner cites *Lake Tankers Corp. v. Henn*, 54 U.S. 147 (1957), for the proposition that claimants "must establish the limitation fund exceeds the aggregate value of all their claims in order to lift the court's injunction."  Opposition brief at 5.  However, *Lake Tankers* did not decide that issue.  Rather, it was conceded by all claimants in the limitation action that the limitation fund was adequate for all claims asserted.  Thus, once the administratrix of the single decedent's estate agreed to the Second Circuit's additional modification to the stipulation (that the tug's fund and the barge's fund stood on their own), the shipowner's right to litigate limitation of liability was adequately protected by the stipulations of the multiple claimants in that case and the injunction was lifted.  This is made clear in the opening remarks of Justice Clark's opinion:

> This admiralty limitation proceeding resulted from a maritime disaster in 1954.  The aggregate amount of all of the claims filed in the proceeding and for which the petitioner could be held liable if found at fault is less than the value of petitioner's vessels and their pending freight.  The question presented is whether the respondent, the principal claimant, may, under these circumstances, proceed with her action in a state court, subject to the continuing jurisdiction of the federal court to protect petitioner's right to limited liability, to determine the obligation of the petitioner to respond in damages for the loss of the life of her husband.  We agree with the disposition of the District Court as modified by the Court of Appeals [that respondent may proceed with her state court action].

-----

[1]/     (...continued)

actual determine of value has been undertaken, would put the claimants seeking to lift the limitation injunction at a serious disadvantage.  The claimant's options would be waste the court's time litigating the question so as to have the court make an accurate determination of value, which itself would be appealable, or concede that the stated value is correct, which jeopardizes the claimants' ability to contest the valuation at a future point.  This is the essential quandary presented in the instant case.

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 6 of  13    342.1 Roehl/Stay Reply Stay

*Lake Tankers, supra* at 148.

        The opinion has *dicta* more helpful to claimants' request to lift the injunction than to petitioner's resistance here.  Thus, as noted in *Lake Tankers*:

> Congress . . . reserved to such suitors their common-law remedies.  (Citations omitted.)  In view of this explicit mandate from the Congress the respondent must not be thwarted in her attempt to employ her common-law remedy in the state court where she may obtain trial by jury.

> The state proceeding could have no possible effect on the petitioner's claim for limited liability in the admiralty court and the provisions of the Act, therefore, do not control.  . . . [S]o long as [the shipowner's] claim of limited liability is not jeopardized, [the shipowner] is subject to all common-law remedies available against other parties and damage actions.

*Id*. at 153.  Moreover, concursus – the *sine que non* of a limitation proceeding – is not required where it is not necessary.  *Id*. at 154.

        Petitioner cites *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina, B.V.* , 836 F.2d 750 (2nd Cir. 1988), and *Kattelman v. Otis Engineering Corp.*, 701 F.Supp. 560 (E.D.La. 1988), for the proposition that claims for loss of consortium are separate and independent claims under the single claimant rule. [2/]  Importantly, the Second Circuit in *Dammers & Vanderheide* and the district court in *Kattelman* permitted pursuit of multiple claims in state court proceedings so long as appropriate stipulations were entered by which the claims of the multiple claimants, *i.e.*, the primary claimant and derivative claimants, were prioritized.  In the stipulation offered here, such prioritization is specified and, therefore, petitioner runs no risk of multiple judgments that might exceed the limitation

---

       [2/]    To the extent a consortium claim is pleaded by claimants, it will be withdrawn, for the maritime law is clear that the wife and children of an injured or deceased seaman do not have claims for loss of consortium.

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 7 of 13   342.1 Roehl/Stay Reply Stay

fund in the event it is ultimately found either not to be liable or entitled to limitation of its liability.    Indeed, in *Kattelman, supra,* the original stipulation "failed to stipulate that wrongful death claims would have irrevocable priority over consortium," but the claimants subsequently "stipulated that any wrongful death claims would have irrevocable priority over all consortium claims," and therefore the district court lifted the injunction and permitted state court wrongful death claims to proceed.  At bottom, then, petitioner has no authority for the proposition that wrongful death and survival claims arising from a single seaman's death give rise to a multiple claimant situation – especially when appropriate stipulations are given.

Indeed, petitioner's argument received short shrift in *Gorman v. Cerasia*, 2 F.3d 519 (3rd Cir. 1993), where the court observed:

> In determining whether a concursus is required, courts have struggled to define those situations that present genuine "multiple-claims-inadequate-fund" case as opposed to a single claim case.  For example, although it is widely accepted that "a claim for loss of consortium by one spouse is a separate and independent cause of action from the related tort claim of the other spouse," [citing *Dammers, supra*], it is equally clear that where a single claimant brings a tort action in several capacities, for example, individually and as the administrator of the estate of a decedent killed in the maritime accident, only a single claimant situation is presented, *see In Re Two "R" Drilling Co.,* 943 F.2d 576, 577 (5th Cir. 1991); *Midland Enterprises,* 886 F.2d at 815-16; *see also In Re Zapata Gulf Marine Corp.*, 787 F.Supp. 612, 614 (E.D.La. 1992) (explaining *Two "R" Drilling*).

*Gorman, supra* at 525.

The *Gorman* court continued,"As the court in *Magnolia Marine Transport [Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1576 (5th Cir. 1992)] explained, '[m]ultiple claimants may reduce their claims to the equivalent of a single claim by agreeing and

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 8 of 13   342.1 Roehl/Stay Reply Stay

stipulating as to the priority in which the claimants will receive satisfaction against the shipowner from the limited fund.'" *Gorman, supra* at 525.  After discussing the particular situation before it, *which involved more than one death*, the Court concluded:

> For the foregoing reasons, we will vacate the order of the district court lifting the stay of the state court action and remand for further proceedings consistent with this opinion.  On remand,  if the parties amend the protective stipulations in a manner that satisfies the concerns we have identified, the district court may permit their state court claims against Gorman to proceed.

*Gorman, supra* at 529.

> Without any citation to authority, petitioner then asserts:
>
> The two separate claims [one for survivor remedies and one for wrongful death] do not transform into one merely because the personal representative, as a procedural mechanism, asserts the claims for both Claimants.  The fact that sums from Roehl's own personal injury claims may remain in his estate after probate and could be disbursed to his heir, also does not suddenly create a single claim under the law.  There are multiple claims in the limitation action, and as such no elimination of the stay is possible as proposed by Claimants until the Court determines the limitation fund exceeds the total value of the claims asserted.

The suggestion is really unsupportable, which would explain the lack of citation to authority. Alaska's survival statute and wrongful death statutes both empower the personal representative, and only he or she, to pursue those claims.  It does not necessarily matter for whose benefit the claims are asserted, for they arise from a single injury to a single individual.  As cogently stated by the Eleventh Circuit in *Beiswenger, supra* at 1041,

> According to [shipowner] this is a multiple claims case because Meyers' four minor children have not themselves signed any protective stipulations.  We disagree.  There is only a single claim arising from Meyers' death and it belongs to the personal representative of his estate.  The beneficiaries of the estate, including the minor children, are not authorized to bring

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 9 of  13    342.1 Roehl/Stay Reply Stay

> independent suits for their individual damages; rather, they must share in a single judgment, if any, obtained by the personal representative. This is true under the general maritime law, Florida law, and . . . New York law."

Where the rights and remedies of the parties are circumscribed by federal law, it may not even matter whether Alaska law is the same, but it is. Under the Jones Act, 46 U.S.C. App. §688, which adopts provisions of the Federal Employers Liability Act, 45 U.S.C. §59, only the personal representative can assert the survivorship claim for a seaman who dies. Whether viewed under general maritime law, the Death on the High Seas Act, or Alaska's wrongful death statutes, only the personal representative may bring the claim for wrongful death, which is for the benefit of surviving heirs of the decedent. In short, petitioners ought not to succeed in attempting to characterize one man's death as a multiple claimant case. This especially is so where there is but one heir.

> 3.    Lifting the injunction is an appropriate course.

The case most relied upon by petitioner in its first argument is *Newton v. Shipman, supra*. Importantly, in that case the Ninth Circuit observed that the district court has broad jurisdiction with respect to the question whether to dissolve the injunction of the limitation action. The Ninth Circuit provided valuable guidance with respect to the parameters of such discretion. "Where, however, a single claim is involved or multiple claims do not exceed the limitation fund, 'the court's discretion is narrowly circumscribed' and the injunction must be dissolved 'unless the owner can demonstrate that his right to limit liability will be prejudiced.'" Interestingly, *Newton* itself involved a survival claim as well as a claim for wrongful death, and was treated as a single claimant case. Though the petitioner conceded the case was a single claimant case as opposed to one presenting multiple claimants, the Ninth Circuit certainly did not seem bothered by that proposition.

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 10 of 13   342.1 Roehl/Stay Reply Stay

More pertinent to the argument for which petitioner contends are the remarks by Judge Nelson in *Ross Island*:

> In a single claimant case, there is no need to determine the value of the vessel and its cargo before the culmination of the state court lawsuit. In fact, Matson argues that no court has ever found in a single claimant case that the failure to stipulate to the value of the vessel and its cargo prevents lifting a federal injunction.
>
> As a practical matter, arguments about efficiency are relative. Matson has a statutory right to a jury trial under the Jones Act. *See* 46 U.S.C. App. §688(a). *Ross Island* has a statutory right to limit its liability in federal court. Neither right trumps the other. If our goal is to conserve federal resources, however, then efficiency compels us to reverse the district court [and lift the injunction]. Why force a federal court to determine the value of a vessel and its cargo under Supplemental Rule F(7) in the absence of a state court judgment? If a state jury awards Nelson less than $20,000, then this valuation would have been totally unnecessary. Thus, if we are trying to conserve federal resources, we should allow Matson to proceed in state court and then determine if federal intervention is ultimately necessary.

*Ross Island, supra* at 1019.

Finally, petitioner's bald assertion of some undefined prejudice is insufficient to carry the day. Clearly questions of liability and damages *must* be litigated. It is not a certainty, however, that limitation will have to be litigated or, if it is, whether the vessel's post-casualty value and her pending freight must also be litigated. Thus, neither petitioner nor claimants is in a worse position vís-a-vís the scope of litigation by the grant of the requested relief, and this Court is potentially relieved of any further obligation by the grant of such relief.

<u>CONCLUSION</u>

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 11 of  13    342.1 Roehl/Stay Reply Stay

In what is essentially a single claimant case where the rights of the vessel owner are fully and completely protected with respect to its right to limit liability, including establishing the vessel's post-casualty value and her pending freight, preservation of the claimants' right to pursue their common-law remedies under the Savings to Suitors Clause requires that the Court lift the injunction and permit such action to proceed. To the extent the Court is of the view that some different or additional stipulations are required, claimants are amenable to same. In addition, Claimants will be sending appropriate pleadings to eliminate the separate claim of the minor child such that the personal representative will be the only claimant asserting claims against petitioner.

DATED 14 April 2006.

/s/Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone: (907) 274-4839
Fax: (907) 277-9414
E-mail: dlcraylaw@acsalaska.net
        craylaw@aol.com
ABA# 8406048

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 12 of  13    342.1 Roehl/Stay Reply Stay

CERTIFICATE OF SERVICE

I hereby certify that on 14 April 2006, a copy of the foregoing Motion to Lift Injunction and attached proposed Order was served electronically on:

Cheryl L. Graves
Farley & Graves
cgraves@farleygraves.com


By: /s/Charles W. Ray, Jr.

Reply to Opposition to Motion to Lift Injunction
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 13 of  13     342.1 Roehl/Stay Reply Stay