Charles W. Ray, Jr.
LAW OFFICE OF CHARLES W. RAY, JR., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839
Lawyer for Respondent/Claimant
Paula Denise Calugan, as Personal Representative
for the Estate of Daniel Raymond Roehl

IN THE UNITED STATES COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In the Matter of the Complaint of ) <br> LITTLE WHITE DOVE, LLC, ) <br> an Alaska Limited Liability Company, ) <br> Owner of the F/V LITTLE WHITE ) <br> DOVE, Official No. 607001, for ) <br> exoneration from or limitation of ) <br> liability, ) <br> ) <br> Plaintiff, ) <br> _____ ) | Case No. 3:05-cv-00067-JWS <br><br> AMENDED <br> <u>ANSWER, AFFIRMATIVE DEFENSES</u> <u>AND CLAIM OF DENISE PAULA</u> <u>CALUGAN, AS PERSONAL</u> <u>REPRESENTATIVE OF THE ESTATE</u> <u>OF DANIEL RAYMOND ROEHL</u> |

Denise Paula Calugan, as the Personal Representative of the Estate of Daniel Raymond Roehl (hereafter "Roehl Estate"), through her lawyers Charles W. Ray, Jr., and David B. Loutrel, the Law Offices of David B. Loutrel, submits this amended answer to plaintiff's Complaint for Exoneration From or Limitation of Liability (hereafter "Complaint"), as follows:

PART I

ANSWER TO COMPLAINT

1. It is denied that this is a case of exclusive admiralty and maritime jurisdiction within the federal courts for the reason that only issues peculiar to plaintiff's right to

limitation of liability are within the sole jurisdiction of the federal court while all other issues may be addressed in a state court.

2. It is unknown whether Little White Dove, LLC is a limited liability company organized in Alaska, and in good standing, but the owners of the F/V LITTLE WHITE DOVE are believed to be Joseph Carr and Tara Carr.

3. Denied.

4. It is admitted that the F/V LITTLE WHITE DOVE caught fire on February 5, 2004, causing the death of its crew member Daniel Raymond Roehl, and severely damaging the F/V LITTLE WHITE DOVE. The remaining allegations are denied, as the answering parties are without sufficient information to form a belief regarding the truthfulness of the allegations.

5. It is admitted that Ms. Calugan, as Personal Representative of the Estate of Daniel Raymond Roehl, has asserted survivor and death claims, and claims for the benefit of Mr. Roehl's sole surviving heir Nicole Gundersen, against Joseph Carr and Tara Carr, believed to be the owners of the F/V LITTLE WHITE DOVE and Mr. Roehl's employer. Except as admitted, the allegations in paragraph 5 of the Complaint are denied.

6. Ms. Calugan does not have sufficient information to form a belief regarding the truthfulness of the allegations in paragraph 6 of the Complaint, and therefore they are denied.

7. Admit.

8. Deny.

9. Deny.

10. The allegations in paragraph 10 of the Complaint are statements of law and require no response. To the extent a response is required, it is admitted that plaintiff claims exoneration from liability and benefits of 46 U.S.C. §§183-185, but Ms. Calugan specifically alleges that plaintiff is not entitled to the benefits of 46 U.S.C. §§183-185 and is entitled to neither exoneration from nor limitation of liability for claims arising from the burning of the F/V LITTLE WHITE DOVE.

11. It is admitted that the instant Complaint was filed before six months had lapsed since receipt of any written notice of claim with regard to Daniel Raymond Roehl. Except as specifically admitted, the allegations in paragraph 11 are denied.

## PART II

## AFFIRMATIVE DEFENSES

12. Ms. Calugan's admissions, denials, and allegations in the answer above are asserted as affirmative defenses.

13. Plaintiff is not the owner of the F/V LITTLE WHITE DOVE.

14. If plaintiff is an entity with a relationship to the F/V LITTLE WHITE DOVE such that it may seek the benefits of the Limitation of Liability Act, it is at fault for the death of Daniel Raymond Roehl and damages flowing therefrom.

15. Plaintiff, if a proper party, possessed privity and knowledge as to the facts and circumstances surrounding the death of Daniel Raymond Roehl, and the cause thereof at the time of the fire on board the F/V LITTLE WHITE DOVE.

16. The knowledge of the F/V LITTLE WHITE DOVE's vessel master, Joseph Carr, is imputed to plaintiff herein.

17. Plaintiff has understated the value of the F/V LITTLE WHITE DOVE.

18. It appears that plaintiff or another person or entity for which plaintiff is responsible has removed, destroyed or otherwise made unavailable evidence from the F/V LITTLE WHITE DOVE necessary to establish the claims of the Roehl Estate and its heir such that plaintiff should be estopped from claiming any exoneration from or limitation of liability.

PART III

CLAIMS OF THE PERSONAL REPRESENTATIVE
OF THE ESTATE OF DANIEL RAYMOND ROEHL

Denise Paula Calugan, Personal Representative of the Roehl Estate, through her lawyers Charles W. Ray, Jr. and David B. Loutrel, alleges the following causes of action against plaintiff Little White Dove, LLC, an Alaska limited liability company.

I.

All events and transactions at issue giving rise to the claims herein occurred within the State of Alaska.

II.

Denise Paula Calugan has been duly appointed as Personal Representative of the Estate of Daniel Raymond Roehl and pursuant to such appointment is, whether under state law or federal law, the sole and exclusive person with authority to assert the claims herein on behalf of the Roehl Estate and its sole heir.

III.

Nicole Gundersen is a resident of Alaska and is the sole surviving minor child of Daniel Raymond Roehl, Mr. Roehl's sole heir and the only beneficiary of his Estate.

## UNSEAWORTHINESS

IV.

F/V Little White Dove, LLC alleges that it was the owner of the F/V LITTLE WHITE DOVE. At all material times, Joseph Carr was the vessel master and the captain of the F/V LITTLE WHITE DOVE; Daniel Raymond Roehl was a crew member of the F/V LITTLE WHITE DOVE, and as a seaman was owed a duty by the vessel's owner, whether plaintiff or Joseph and Tara Carr, to keep and maintain the vessel in a seaworthy condition.

V.

Daniel Raymond Roehl's death was directly and proximately caused by the unseaworthiness of the F/V LITTLE WHITE DOVE, which unseaworthiness was within the privity and knowledge of the owners of the F/V LITTLE WHITE DOVE and included, but is not limited to:

   a.   A failure to inspect the vessel for dangerous conditions;

   b.   A failure to maintain and/or repair the vessel;

   c.   A failure to install and/or maintain smoke and fire alarm devices on board the F/V LITTLE WHITE DOVE;

   d.   A failure to protect combustible surfaces from sources of combustion, and;

   e.   Such other and further reasons as may be discovered.

VI.

On February 5, 2004, the F/V LITTLE WHITE DOVE was consumed by fire, proximately and directly causing the death of Daniel Raymond Roehl, because the vessel was unseaworthy.

VII.

Due to the unseaworthiness of the F/V LITTLE WHITE DOVE, which unseaworthiness was within the privity and knowledge of her owner(s), which unseaworthiness proximately caused Mr. Roehl's death, plaintiff is liable to compensate the Roehl Estate and those claiming through it for all recoverable damages allowed by law, including, without limitation, pre-death pain and suffering and emotional distress, pecuniary loss to Mr. Roehl's estate, loss of support, loss of services, loss of care, nurturing and guidance, loss of inheritance and loss of such further special damages, past and future, as may be proven at trial.

## NEGLIGENCE

VIII.

Claimant realleges and incorporates herein by reference the above allegations.

IX.

At the time of his death, Daniel Raymond Roehl was a seaman and entitled to the protections of the Jones Act, 36 U.S.C.App. §688.

X.

On information and belief, Mr. Roehl's employer at the time of his death was Little White Dove, LLC, Joseph Carr and/or Tara Carr.

XI.

Under the Jones Act, Mr. Roehl's employer owed him a duty to provide a reasonably safe vessel and equipment where he could bunk with safety.

XII.

Mr. Roehl's employer breached the foregoing duty by, without limitation, failing to inspect the vessel for dangerous conditions, failing to maintain and/or repair the vessel, failing to maintain working fire or smoke alarms on the vessel, and failing to protect combustible surfaces from combustion.

XIII.

Mr. Roehl's employer's breach of duty under the Jones Act, which breach of duty was within the privity and knowledge of Mr. Roehl's employer, was a cause of his death for which the Roehl Estate, through Ms. Calugan, may recover pre-death pain and suffering for the Estate and its beneficiary as well as pecuniary losses suffered by his dependent daughter Nicole Gundersen, including without limitation loss of nurture, guidance, services, and support.


WHEREFORE, Denise Paula Calugan, as Personal Representative of the Estate of Daniel Raymond Roehl, hereby prays for the following relief:

1.  That plaintiff's Complaint for Exoneration From or Limitation of Liability be dismissed with prejudice;

2.  Alternatively that claimant's claims be granted without limitation;

3.  For an award of attorney's fees, costs, and interest as permitted by law;

4.  For an order dissolving the current restraining order and injunction, and permitting claimant to pursue the described claims in state court; and

5.  For such other and further relief as this Court may deem just and equitable.

DATED 14 June 2006
s/Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone: (907) 274-4839
Fax: (907) 277-9414
E-mail: dlcraylaw@acsalaska.net
　　　　craylaw@aol.com
ABA# 8406048


CERTIFICATE OF SERVICE

I hereby certify that on 14 June 2006, a copy of the foregoing Motion to Lift Injunction and attached proposed Order was served electronically on:

Cheryl L. Graves
Farley & Graves
cgraves@farleygraves.com


By: s/Charles W. Ray, Jr.