UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF )<br>LITTLE WHITE DOVE, LLC, an Alaska )<br>Limited Liability Company, Owner of the )<br>F/V LITTLE WHITE DOVE, Official )<br>Number 607001, for Exoneration From or )<br>Limitation of Liability, )<br>)<br>                  Plaintiff. )<br>                                  ) | 3:05-cv-00067 JWS<br><br>OPINION AND ORDER |

## I. MOTION PRESENTED

At docket 19, claimants Denise Paula Calugun, in her capacity of Personal Representative of the Estate of Daniel Raymond Roehl, and Kasie Gunderson in her capacity as mother and next friend of the minor child Nicole Gunderson ("Claimants") ask the court to lift the stay imposed in this Limitation Action. The motion has been fully briefed. Oral argument was not requested and would not be of assistance to the court.

## II. DISCUSSION

It appears from the complaint in this matter that on February 5, 2004, the *F/V Little White Dove* burned at its mooring at Sand Point, Alaska. Claimants have claims based upon the death of Daniel Raymond Roehl which resulted from the fire. The purported owner of the vessel, Little White Dove, LLC, filed a complaint for exoneration from or limitation of liability pursuant to the statutes governing the limitation of vessel owners' liability.[1] The owner posted a $1,000 bond representing more than the nil value

---

[1] 46 U.S.C. §§ 181, *et seq.*

asserted for the burned vessel and her freight. This court issued an injunction preventing the prosecution of claims against the owner in any other court.

In seeking relief from that order, Claimants assert that they are asserting a single claim and that as a single claimant they have provided all the assurances necessary to the lifting of the injunction. Plaintiff contends that contrary to Claimants' assertion, there really are two separate claims, a claim for loss to the Estate and a claim for loss of consortium by the daughter.

Even if Claimants present a single claim, they have not met the requirements for relief from the injunction. In this circuit, a single claimant is required to do certain things to secure relief. In the case of *In Re Complaint of Ross Island Sand & Gravel*, the Ninth Circuit explained:

> Before the district court dissolves its injunction, however, a claimant "must" stipulate to the following: (1) that the value of the limitation fund equals the combined value of the vessel and its cargo; (2) waive the right to claim *res judicata* based on any judgment rendered against the vessel owner outside of the limitation proceedings; and (3) concede the district court's exclusive jurisdiction to determine limitation of liability issues.[2]

Here, Claimants have not stipulated that the value of the limitation fund equals the value of the vessel and her freight. It was the absence of precisely that stipulation which caused the appellate court to affirm the district court's decision not to lift the injunction in the *Ross Island* case. Here, Claimants contend convincingly that the rule followed in *Ross Island* is unfair and unnecessary. However, while the *Ross Island* court itself seemed receptive to just such an argument, that court held that it was bound by the earlier decision in *Newton v. Shipman*[3] to apply the rule set forth in the quotation above. This court lacks the authority to ignore the *Newton/Ross Island* rule.

---

[2] *In Re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000) citing *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983).

[3] 718 F.2d 959 (9th Cir. 1983).

Treating the Claimants as having two separate claims[4] does not alter the outcome. The existence of multiple claimants cannot logically eliminate the need for a stipulation as to the adequacy of the limitation fund. It would, however, as indeed Claimants themselves point out,[5] require a further stipulation as to the priority of the multiple claimants with respect to the fund.

Whether or not the rule set out in *Newton* is "bad law," as well argued by Claimants here and as explicitly suggested in the concurring opinion in *Ross Island*,[6] this court is bound to apply the rule established by the appellate court. When the rule is applied, the motion at docket 19 is seen to be without merit.

### III.  CONCLUSION

For the reasons above, the motion at docket 19 is **DENIED**.

DATED at Anchorage, Alaska, this 16th day of June 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[4] For the reasons outlined and based on the authorities cited in plaintiff's Opposition at docket 24, the court concludes two separate claims are presented.

[5] Claimants' Reply, doc. 27.

[6] 226 F.3d 1018 (concurrence by Judge D. W. Nelson).