Charles W. Ray, Jr.
LAW OFFICE OF CHARLES W. RAY, JR., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839

Lawyer for Respondents/Claimants,
Paula Denise Calugan, as Personal
Representative for the Estate of Daniel Raymond
Roehl, and Kasie Gundersen, as parent and
next friend of Nicole Gundersen, a minor

IN THE UNITED STATES COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In the Matter of the Complaint of<br>LITTLE WHITE DOVE, LLC,<br>an Alaska Limited Liability Company,<br>Owner of the F/V LITTLE WHITE<br>DOVE, Official No. 607001, for<br>exoneration from or limitation of<br>liability,<br><br>              Plaintiff, | Case No. 3:05-cv-00067-JWS<br><br><br><br>REPLY TO OPPOSITION TO<br>MOTION TO STAY PROCEEDINGS |

Petitioner Little White Dove, LLC, has opposed claimants' request to stay this limitation proceeding pending appeal of this Court's denial of claimants' request to lift the injunction so as to permit them to proceed with a jury trial in state court. The opposition demonstrates a fundamental misunderstanding of the typical course of limitation actions when the federal injunction is lifted such that claims may be pursued in an alternative forum.

Contrary to petitioner's apparent assumption, it is not usual that both the limitation case and the state court action proceed simultaneously. Rather, the limitation case

Reply to Opposition to Motion to Stay
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 1 of 3   342.1 Roehl/Stay reply

is stayed while the state court action proceeds.  <u>Only</u> if judgment is rendered in favor of claimants in a sum that will or may exceed the limitation fund need the parties return to federal court to address those issues peculiar to a limitation of liability proceeding such as the owner's privity and knowledge and the value of the limitation fund.  *Cf. Complaint of Ross Island Sand & Gravel*, 236 F,3d 1015, 1019 (9th Cir. 2000) (Nelson, J., concurring in result).  It makes no sense to try such issues in the federal forum unless the claimants have first secured a determination in state court that makes those federal court proceedings necessary to overall disposition of the case.

In short, it is much more efficient to proceed as claimants have requested by staying this case and, upon disposition of the appeal, proceeding in accordance with the Ninth Circuit's mandate whether by way of lifting the injunction and proceeding in state court or otherwise.  This would be a just means of preserving the rights of all parties.  On the other hand, what petitioner contends must happen is that claimants lose their right to proceed in state court and proceed in the federal forum to the prejudice of their rights under the Savings to Suitors Clause and the Jones Act while the appeal is pending.  In the interest of judicial efficiency and in accordance with the interests of the claimants and petitioner, this case should be stayed pending appeal.

DATED 21 September 2006

/s/Charles W. Ray, Jr.
Law Offices of Charles W. Ray, Jr., P.C.
711 H Street, Suite 310
Anchorage, AK 99501
Phone:  (907) 274-4839
Fax: (907) 277-9414
E-mail: dlcraylaw@acsalaska.net
          craylaw@aol.com
ABA# 8406048

Reply to Opposition to Motion to Stay
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 2 of 3   342.1 Roehl/Stay reply

CERTIFICATE OF SERVICE

I hereby certify that on 21 September 2006, a copy of the foregoing Reply to Opposition to Motion to Stay Proceedings was served electronically on:

Cheryl L. Graves
Farley & Graves
cgraves@farleygraves.com

By: s/Charles W. Ray, Jr.

Reply to Opposition to Motion to Stay
In Re Complaint of Little White Dove   3:05-cv-00067-JWS
Page 3 of 3   342.1 Roehl/Stay reply