**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| **IN THE MATTER OF THE COMPLAINT OF LITTLE WHITE DOVE, LLC, an Alaska Limited Liability Company, Owner of the F/V LITTLE WHITE DOVE, Official Number 607001, for Exoneration from or Limitation of Liability,** | ) | **3:05-cv-00067 JWS** |
| | ) | **ORDER AND OPINION** |
| **Plaintiff.** | ) | **[Re: Motions at Docket Numbers 45 and 47]** |

## I. MOTION PRESENTED

At docket 45, respondents/claimants Denise Paula Calugun, in her capacity as Personal Representative of the Estate of Daniel Raymond Roehl, and Kasie Gunderson, in her capacity as mother and next friend of the minor child Nicole Gunderson, ("claimants") request the court for an order staying proceedings in this court pending resolution of their appeal to the Ninth Circuit of this court's order denying claimants' motion to lift the injunction prohibiting the further prosecution of their claims in state court.[1] At docket 47, petitioner Little White Dove, LLC, moves to extend discovery for an additional sixty days. Both motions are fully briefed. Oral argument was not requested on either motion and would not assist the court.

---

[1]Doc. 31.

## II. BACKGROUND

On February 5, 2004, the *F/V Little White Dove* burned at its mooring at Sand Point, Alaska. Claimants have claims based upon the death of crew member Daniel Raymond Roehl which resulted from the fire. Little White Dove, LLC, the purported owner of the vessel, filed a complaint for exoneration from or limitation of liability pursuant to 46 U.S.C. § 183.[2] After the owner posted a $1,000 bond representing more than the nil value asserted for the burned vessel and its freight, this court issued an injunction preventing the prosecution of claims against the owner in any other court.[3]

Claimants filed a motion to lift the injunction,[4] which the court denied by order dated June 16, 2006.[5] The court denied claimants' motion on the grounds that claimants did not stipulate that the value of the limitation fund equals the value of the vessel and its freight as is required by the Ninth Circuit's decisions in *Newton v. Shipman*[6] and *In Re Complaint of Ross Island Sand & Gravel*.[7] The court's order stated in pertinent part, "Whether or not the rule set out in *Newton* is 'bad law,' as well argued by Claimants here and as explicitly suggested in the concurring opinion in *Ross Island*, this court is bound to apply the rule established by the appellate court."[8]

---

[2]Doc. 1.

[3]Doc. 4.

[4]Doc. 19.

[5]Doc. 31.

[6]718 F.2d 959 (9th Cir. 1983).

[7]226 F.3d 1015 (9th Cir. 2000).

[8]Order (June 16, 2006) at 3, doc. 31.

Claimants appealed the order at docket 31 denying the motion to lift the injunction.[9] Claimants now request this court to stay the limitation proceedings "pending resolution of the appeal to the Ninth Circuit of this Court's [order] denying Claimants' motion to lift the injunction prohibiting actions in state court by Claimants."[10]

## II. DISCUSSION

Claimants argue that granting the motion to stay "will serve the interests of justice by allowing the Court of Appeals' disposition of the question on appeal which, if ruled upon in favor of Claimants, will permit their pursuit of a state court action."[11] Petitioner opposes the motion on the grounds that there is no benefit to "force the decedent's estate, his young child, or the Petitioner to wait" for the appeal to be heard when "the limitation action will ultimately need to be heard and decided by this court " regardless of the appeal's resolution.[12]

Given the fact that claimants are willing to further postpone litigation of their claims pending the outcome of their Ninth Circuit appeal and the fact that staying the proceedings in this court will not prejudice petitioner's right to limit liability, the court concludes that it is in the interests of judicial efficiency and economy to stay the limitations proceedings pending the Ninth Circuit's disposition of claimant's appeal. If the Ninth Circuit overturns the order denying claimants' motion to lift the injunction, this court could allow claimants to proceed in state court and try the liability issue first, and

---

[9]Doc. 32.

[10]Doc. 45 at 1.

[11]Doc. 45 at 1.

[12]Doc. 46 at 1-2.

"then determine if federal intervention is ultimately necessary."[13] "[M]ost often it has been found expedient to stay the limitation proceeding and try the liability issue first, thus preserving the possibility that a jury will find no liability or award less than the limitation fund and thereby moot the limitation proceeding."[14]

## III. CONCLUSION

For the reasons set out above, the motion to stay proceedings at docket 45 is **GRANTED**, and this matter is **STAYED** pending the Ninth Circuit's disposition of claimant's appeal of the order at docket 31 denying claimant's motion to lift injunction. It is **FURTHER ORDERED** that the motion to extend discovery at docket 47 is **DENIED AS MOOT**.

DATED at Anchorage, Alaska, this 20th day of October 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[13] *Ross Island*, 226 F.3d at 1019 (Nelson, J., concurring).

[14] *Newton v. Shipman*, 718 F.2d 959, 963 (9th Cir. 1983).